**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BENJAMIN SMITH,<br><br>On behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>WAKEFERN FOOD CORP.; ABC CORPS. 1-55; XYZ COMPANIES 1-55; and JANE & JOHN DOES 1-50,<br><br>Defendants. | Civil Action No. |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

1. Plaintiff Benjamin Smith ("Plaintiff"), on behalf of himself and all other similarly situated persons, brings this class action lawsuit against Wakefern Food Corp., ABC Corps. 1-55, XYZ Companies 1-55 and Jane & John Does 1-50 to recover damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. (the "NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. (the"NJWPL")[1] for unpaid and/or underpaid overtime. ABC Corps. 1-55, XYZ Companies 1-55 and Jane & John Does 1-50 are business associations and individuals who comprise and operate the Wakefern Food Corp. co-operative group of supermarkets.

## JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28

---

[1] Plaintiff and the putative class members' NJWHL and NJWPL claims are asserted to the full extent and reach of those laws including, but not limited to, the extent to which those laws are further implemented and bolstered by the New Jersey Wage Collection Law, N.J.S.A. 34:11-57, et seq. (the "NJWCL").

U.S.C. § 1332(d)(2), because at least one member of the proposed class is a citizen of a state different from any defendant, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

3. The membership of the proposed Plaintiff class well exceeds one hundred.

4. Jurisdiction is also proper under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Plaintiff made a number of deliveries at the direction and control of the Defendants throughout the State of New Jersey out of a base of operations located within the State of New Jersey.

**PARTIES**

6. Plaintiff Benjamin Smith is a natural person and a citizen of the State of New Jersey and has been employed by Defendants since September 1986 and resides in the Township of Westhampton in the County of Burlington in the State of New Jersey.

7. Defendant Wakefern Food Corp. ("Wakefern"), is a Domestic For-Profit Corporation organized and existing under the laws of the State of New Jersey with corporate headquarters located at 5000 Riverside Drive in the Town of Keasby, County of Middlesex and State of New Jersey.

8. Defendant Wakefern is the largest retailers' cooperative group of supermarkets and the fourth-largest cooperative of any kind in the United States.

9. Wakefern was, at one time, the largest private employer in New Jersey and remains a significantly large employer in the state.

10. As of 2021, Wakefern consists of approximately fifty member companies,

Defendants ABC Corps. 1-55 and XYZ Companies 1-55, which own and operate 362 supermarkets, under the brand of the ShopRite, Price Rite Marketplace, The Fresh Grocer, Dearborn Market, Gourmet Garage and Fairway Market in New Jersey, New York, Connecticut, Pennsylvania, Maryland, Delaware, Massachusetts, New Hampshire, Rhode Island, and Virginia (together with Jane & John Does 1-50 are collectively referred to as "Defendants").

11. In addition to employing employees in supermarkets, Wakefern employs employees in warehouses and maintains one of the largest trucking fleets in the northeastern United States.

12. "Employees" are a subset of all natural people who are employed by Defendants, who perform jobs that are considered non-exempt for the payment of overtime when such employees work over 40 hours per work week.

13. The Class of similarly situated Plaintiffs is defined as:

> All individuals who worked for Defendants as non-exempt employees and who performed work for Defendants in excess of 40 hours per work week from **January 1, 2020** to the date of Judgment in this action (hereinafter the "Class Members").

14. Defendants Wakefern, ABC Corps. 1-55, XYZ Companies 1-55 and Jane & John Does 1-50 were at all relevant times herein, an employer of the Plaintiff and the Class Members as defined by the NJWHL.

15. Alternatively, Defendants Wakefern, ABC Corps. 1-55, XYZ Companies 1-55 and Jane & John Does 1-50 were at all relevant times herein, a "client employer," as defined by the New Jersey Wage-Theft Act, and is jointly and severally liable for the New Jersey wage claims asserted herein by Plaintiff and the Class Members. See N.J.S.A. 34:11-58.2.

16. Defendants Jane & John Does 1-50 are fictitious names of natural persons and, at all relevant times hereto, "acted on behalf" of Defendants and/or Defendants ABC Corps. 1-55 and XYZ Companies 1-55 with regard to their compliance with the NJWHL, NJWPL, NJWCL and

failing to pay overtime premiums to Plaintiff and the Class Members.

17. Defendants Jane & John Does 1-50, ABC Corps. 1-55 and XYZ Companies 1-55 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to the Plaintiff and the Class Members in this matter.

## SPECIFIC ALLEGATIONS

18. The Plaintiff worked as a warehouseman.

19. The Plaintiff and all Class Members were assigned to perform non-exempt tasks by Defendants for the benefit of Defendants.

20. Plaintiff and all Class Members worked for Defendants pursuant to a collective bargaining agreement ("CBA") that provided, inter alia, payment of wages, including overtime.

21. The CBA provided for employees to be paid premiums for certain hours worked. At some point in 2021, Defendants agreed to pay Plaintiff and all Class Members premium pay for hours worked during the Covid epidemic, beginning in approximately March 2020.

22. However, Defendants failed to include the "COVID premium pay" when calculating the overtime rate of the Plaintiff and all Class Members.

23. Accordingly, Defendants also failed to pay Plaintiff and all Class Members the proper and legally required overtime rate for each overtime hour worked.

24. The Plaintiff and all Class Members are non-exempt employees as defined in the test adopted under the FLSA, NJWHL and NJWPL.

25. The willingness of Defendants to readily fail to discharge their legal duties under Federal and New Jersey's wage laws further supports awards of "liquidated damages" as provided for under the FLSA, NJWHL and NJWPL.

26. The Plaintiff and all Class Members routinely work far in excess of forty (40) hours per week for Defendants and are not paid 1.5 times their hourly rate when they work over forty

(40) hours per week.

27. The Plaintiff and all Class Members routinely work far in excess of forty (40) hours per week for Defendants and have not been paid 1.5 times their hourly rate plus applicable premiums when they worked in excess of forty (40) hours per week during the relevant time periods.

28. Plaintiff and all Class Members work on average at least twenty-five (25) hours in excess of forty (40) each week.

29. The amount in controversy exceeds $5,000,000, and at least one Plaintiff will have damages that exceed $75,000, exclusive of interests and costs.

**COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this action on behalf of himself and all similarly situated persons who worked for Defendants (i.e., non exempt workers) within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

31. The FLSA Collective consists of hundreds of employees who work for Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully failing to pay overtime premiums in accordance with the statute.

32. Throughout Plaintiff's employment with Defendants, Plaintiff and the FLSA Collective have had worked schedules consisting of over forty (40) hours per workweek, have performed virtually the same or substantially similar duties, and have been subjected to Defendants' common pay policies depriving them of their overtime premiums for all hours worked in excess of forty (40) per workweek.

33. Defendants are aware or should have been aware that the FSLA required them to pay Plaintiff and the FLSA Collective the overtime premium for hours worked in excess of forty

(40) per workweek.

34. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has cause significant monetary damage to Plaintiff and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated workers can readily be identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

36. The Plaintiffs bring this lawsuit as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other individuals who, at any time after March 2016, performed exempt work in the State of New Jersey for Defendants. Class action treatment is appropriate because, as summarized in Paragraphs 37 to 43 below, all of Rule 23's requirements are satisfied.

37. The Class is so numerous that joinder of all Class Members is impracticable.

38. The Plaintiff is a Class Member, his claims are typical of the claims of other Class Members and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

39. The Plaintiff will fairly and adequately represent the Class Members and their interests, and he has retained competent and experienced counsel who will effectively represent the Class Members' interests.

40. Questions of law and fact are common to all Class Members.

41. Common questions of law and fact predominate over questions affecting only individual Class Members. These common questions include:

a. Whether the Class Members were employees of the Defendants;

b. Whether the Class Members routinely worked in excess of forty (40) hours per week for the Defendants;

c. Whether the Class Members were compensated with premium overtime pay for all hours worked in excess of forty (40) hours per week;

d. Whether the Class Members were compensated with the correctly-calculated premium overtime pay for all hours worked in excess of forty (40) hours per week; and

e. Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A.34:11-56a, et seq.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

**COUNT ONE**
**(NEW JERSEY WAGE AND HOUR LAW)**

44. Plaintiff reasserts and incorporates all foregoing paragraphs as if set forth at length herein.

45. Defendants' conduct against the Plaintiff and the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., by failing to compensate the Plaintiff and the Class Members for all hours worked, and not paying the properly-calculated overtime premium to which the Plaintiff and the Class Members were entitled when the Plaintiff and the Class Members worked over forty (40) hours per week.

46. As a result of Defendants' conduct, the Plaintiff and the Class Members have endured significant economic damages.

**COUNT TWO**
**(NEW JERSEY WAGE PAYMENT LAW)**

47. Plaintiff reasserts and incorporates all foregoing paragraphs as if set forth at length

herein.

48. Defendants' conduct against the Plaintiff and the Class Members violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq., by not paying the full amount of wages due to the Plaintiff and the Class Members.

49. As a result of Defendants' conduct, the Plaintiff and the Class Members have endured significant economic damages.

**COUNT THREE**
**(FAIR LABOR STANDARDS ACT)**

50. Plaintiff reasserts and incorporates all foregoing paragraphs as if set forth at length herein.

51. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the proper overtime premium rate for all hours in excess of forty (40) hours per workweek.

52. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff and the FLSA Collective.

53. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

54. Defendants were aware and should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

55. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages. Liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Benjamin Smith seeks the following relief on behalf of himself and the other Class Members:

a. Certify a class action pursuant Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and his counsel to represent the Class;

b. Designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance pursuant to 29 U.S.C. §216(b) apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

c. Declare and find that the Defendants violated the FLSA and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.;

d. Declare and find that the Defendants violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq.;

e. Award Plaintiff and the FLSA Collective compensatory damages, including all unpaid and/or underpaid wages, in an amount according to proof;

f. Award Plaintiff and the FLSA Collective liquidated damages pursuant to the FLSA and the New Jersey Wage and Hour Law in the amount commensurate to and determined by the unpaid or underpaid wages;

g. Award all costs, expenses and attorneys' fees, with appropriate enhancement, incurred in prosecuting this claim;

h. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

i. Injunctive relief in the form of an order directing Defendants to comply with the FLSA and New Jersey law; and

j. Such other relief as in law or equity may pertain.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all issues so triable.

Respectfully submitted,

By: *s/ Ravi Sattiraju*

**SATTIRAJU & THARNEY, LLP**
Ravi Sattiraju, Esq. (N.J. No. 035251998)
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Fax: (609) 228-5649
Email: rsattiraju@s-tlawfirm.com

**LICHTEN & LISS-RIORDAN, P.C.**
Harold I. Lichten, Esq. (pro hac vice anticipated)
729 Boylston Street, #2000
Boston, MA 02114
Tel: (617) 994-5800
Fax: (617) 994-5801
Email: hlichten@llrlaw.com

*Attorneys for the Plaintiff and all other similarly situated persons*

Dated: December 13, 2022

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned hereby certifies under the penalty of perjury that this matter in controversy is *not* the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ Ravi Sattiraju*
RAVI SATTIRAJU

Dated: December 13, 2022